UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CURTIS ORTEGA, ) | 1:12-cv—00070-SKO-HC |
| ) | |
| Petitioner, ) | ORDER GRANTING PETITIONER LEAVE |
| ) | TO FILE A MOTION TO AMEND THE |
| ) | PETITION AND NAME A PROPER |
| v. ) | RESPONDENT NO LATER THAN THIRTY |
| ) | (30) DAYS AFTER THE DATE OF |
| PEOPLE OF THE STATE OF ) | SERVICE OF THIS ORDER |
| CALIFORNIA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's petition, which was filed in the Sacramento Division of this Court on December 23, 2011, and transferred to this division on January 13, 2012.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."

1

Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

II. <u>Petitioner's Failure to Name a Proper Respondent</u>

In this case, Petitioner named as Respondent the People of the State of California. Petitioner is incarcerated at the Kern Valley State Prison located in Delano, California. The warden at that facility is Martin Biter.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see also</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief

2

officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360.

However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004). In the interest of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

### III. Order Granting Leave to File a Motion to Amend the Petition

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent. Failure to amend the petition to name a proper respondent will result in the dismissal of the petition for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:  January 18, 2012**          /s/ Sheila K. Oberto
                                     UNITED STATES MAGISTRATE JUDGE

3