UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CURTIS ORTEGA,<br><br>        Petitioner,<br><br>   v.<br><br>MARTIN BITER, Warden,<br><br>        Respondent. | 1:12-cv–00070-AWI-SKO-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT (Doc. 10)<br><br>ORDER DIRECTING THE CLERK TO CHANGE THE NAME OF THE RESPONDENT<br><br>ORDER REQUIRING RESPONDENT TO FILE A RESPONSE TO THE PETITION<br><br>ORDER SETTING A BRIEFING SCHEDULE<br><br>ORDER DIRECTING THE CLERK TO SERVE DOCUMENTS ON THE ATTORNEY GENERAL |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 72-302 and 72-303.  Pending before the Court is Petitioner's motion to amend the petition to name as Respondent Martin Biter, Warden of the Kern Valley State Prison located in Delano, California.  The motion was filed on February 10, 2012, in response to the Court's order of January

1

18, 2012, granting Petitioner leave to file the motion.

I.   Motion to Amend the Petition

A petitioner seeking habeas relief must name the state officer having custody of him or her as the respondent to the petition.  Rule 2(a) of the Rules Governing Section 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994). Normally, the person having custody of the prisoner is the warden of the prison because the warden has "day to day control over" the prisoner.  Brittingham v. United States, 982 F.2d 378, 279 (9th Cir.1992).  Therefore, Petitioner's request is proper.

II.   Order to File a Response to the Petition

The Court has conducted a preliminary review of the petition.  It is not clear from the face of the petition whether Petitioner is entitled to relief.  28 U.S.C. § 2243. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court will direct Respondent to file a response and will issue a scheduling order.

III.   Disposition

Accordingly, it is ORDERED that:

1) Petitioner's motion for leave to amend the petition to name Warden Martin Biter as Respondent in this matter is GRANTED;

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."  Fed. R. Civ. P. 81(a)(4).  Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Rule 12, Rules Governing Section 2254 Cases.

and

2) The Clerk of Court is DIRECTED to change the name of Respondent to Martin Biter, Warden; and

3) The Court hereby ORDERS:

a) Respondent SHALL FILE a RESPONSE to the petition[2] within **SIXTY (60) days** of the date of service of this order. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). A response can be made by filing one of the following:

i. An ANSWER addressing the merits of the petition. Respondent SHALL INCLUDE with the ANSWER any and all transcripts or other documents necessary for the resolution of the issues presented in the petition. See Rule 5, Rules Governing Section 2254 Cases. Any argument by Respondent that a claim of Petitioner has been *procedurally defaulted* SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

ii. A MOTION TO DISMISS the petition. A motion to dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings. See Rule 5, Rules Governing Section 2254 Cases.[3]

---

[2]Respondent is advised that a scanned copy of the petition is available in the Court's electronic case filing system (CM/ECF).

[3]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4, Rules Governing Section 2254 Cases; see also Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the respondent may file a motion to dismiss for failure to exhaust); White v. Lewis , 874 F.2d 599, 602-03 (9th Cir. 1989) (providing that a motion to dismiss pursuant to Rule 4 is proper in a federal habeas proceeding).

3

b. If Respondent files an answer to the petition, Petitioner MAY FILE a traverse within **THIRTY (30) days** of the date Respondent's answer is filed with the Court.  If no traverse is filed, the petition and answer are deemed submitted at the expiration of the thirty (30) days.

c. If Respondent files a motion to dismiss, Petitioner SHALL FILE an opposition or statement of non-opposition within **TWENTY-ONE (21) days** of the date Respondent's motion is filed with the Court.  If no opposition is filed, the motion to dismiss is deemed submitted at the expiration of the thirty (30) days.  Any reply to an opposition to the motion to dismiss SHALL BE FILED within **SEVEN (7) days** after the opposition is served.

d. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court within **THIRTY (30) days** a consent/decline form indicating whether the party consents or declines to consent to the jurisdiction of the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

e. The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 230(l).  Extensions of time will only be granted upon a showing of good cause.  All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

**Dated:   March 29, 2012**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE

4