UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CURTIS ORTEGA,<br><br>        Petitioner,<br><br>  v.<br><br>MARTIN BITER, Warden,<br><br>        Respondent. | 1:12-cv—00070-AWI-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR AN ORDER GRANTING HIM ACCESS TO THE LAW LIBRARY (DOC. 25)<br><br>**DEADLINE FOR OBJECTIONS:<br>THIRTY (30) DAYS** |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 72-302 and 72-303. Pending before the Court is Petitioner's motion for an order directing that Petitioner be granted access to the law library at Kern Valley State Prison, where Petitioner is incarcerated, which was filed on August 24, 2012. The Court understands Petitioner's motion to constitute a motion for injunctive relief.

    Petitioner states that there has been a lock down at the prison where he is incarcerated and that the only way he is sure that he will be able to gain access to the law library to prepare

1

1  a traverse is if this Court orders it.  (Mot., doc. 25, 1.)  The
2  Court notes that Petitioner was separately granted an extension
3  of time to file a traverse, and he subsequently filed a traverse
4  on September 24, 2012.  After reviewing the request in its
5  entirety, the Court concludes that Petitioner is challenging the
6  conditions of his confinement, not the fact or duration of that
7  confinement.
8     It is established that relief by way of a writ of habeas
9  corpus pursuant to 28 U.S.C. § 2241 extends to a prisoner who
10 demonstrates that the custody violates the Constitution, laws, or
11 treaties of the United States.  28 U.S.C. § 2241(c)(3).
12    A habeas corpus petition is the correct method for a
13 prisoner to challenge the legality or duration of his
14 confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)
15 (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973));
16 Advisory Committee Note to Rule 1 of the Rules Governing Section
17 2254 Cases (Habeas Rules), 1976 Adoption.  In contrast, a civil
18 rights action pursuant to 42 U.S.C. § 1983 is the proper method
19 for a prisoner to challenge the conditions of that confinement.
20 McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411
21 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Note to
22 Habeas Rule 1, 1976 adoption.
23    Because Petitioner seeks to challenge the conditions of his
24 confinement, and not the legality or duration of his confinement,
25 these particular claims are cognizable in a civil rights action
26 rather than a petition for writ of habeas corpus.  Accordingly,
27 it will be recommended that the request for injunctive relief be
28 denied.

IV. <u>Recommendation</u>

In accordance with the foregoing, it is RECOMMENDED that:

1) Petitioner's request for injunctive relief be DENIED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 31, 2012**          /s/ Sheila K. Oberto
                                UNITED STATES MAGISTRATE JUDGE

3